Spurlock, J.
This case came on for hearing on April 26-27, 1999. After considering all of the testimony and exhibits introduced by the parties and weighing the credibility of witnesses the Court makes the following findings of fact, rulings of law and order.
FINDINGS OF FACT
Plaintiff, M. Kellie Beaupre, is an individual residing at 3 Heidi Lane, Natick, Massachusetts. Defendant, Cliff Smith, is an individual residing at 404A Ridgefield Circle, Clinton, Massachusetts and is the majority *529 shareholder in Cliff Smith and Associates Inc. (the “Company”), and since 1996 the sole owner of 211 Main Street, Marlborough, Massachusetts.
On or about April 16, 1993, plaintiff commenced an action against defendant in the Middlesex County Superior Court, Civil Action Docket No. 93-2213. A trial commenced on November 18, 1996, which resulted in a jury verdict on December 9, 1996 for plaintiff against the Company and defendant individually. The trial resulted in final judgment, jointly and severally against defendant, for plaintiff in the aggregate amount of $555,538.78.
On December 30, 1996, an injunction was entered by the Middlesex Superior Court, (Smith, J.) which provides as follows:
[T]he defendant Cliff Smith aka Clifford F. Smith, his agents, officers, representatives, employees, and all persons acting in concert with defendant Cliff Smith aka Clifford F. Smith are restrained from and enjoined from paying, disbursing, conveying, transferring, assigning or otherwise disposing of any rents collected by the Defendant Cliff Smith aka Clifford F. Smith from any and all tenants occupying the premises known and numbered as 211 Main Street, Marlborough, Middlesex County, Massachusetts, up to the sum of Four Hundred Ten Thousand ($410,000) Dollars together with such attorneys fees and costs and the court may order. (Trial Exhibit 1.)
On the same day, a second injunction was entered by the Middlesex Superior Court, (Smith, J.) which provides as follows:
[T]he defendant Cliff Smith and Associates aka C.F. Smith and Associates, their agents, officers, representatives, employees, and all persons acting in concert with Defendant Cliff Smith and Associates aka C.F. Smith and Associates are restrained from and enjoined from paying, disbursing, conveying, transferring, assigning or otherwise disposing of the monies or credits (other than the ordinary course of business) it owes or will owe to the Plaintiff M. Kellie Beaupre directly or indirectly up to the sum of Four Hundred Ten Thousand ($410,000) Dollars together with such attorneys fees and costs and the court may order. (Trial Exhibit 2.)
On January 1, 1997, defendant deliberately directed the Company to stop paying monthly rent to him and he stopped collecting the $4,410.00 per month for rent from the Company.
On February 5, 1998, defendant filed a motion to modify the injunctions, together with the affidavit in support thereof. He sought, in pertinent part, to “dissolve the Rent Injunction as a hardship.”
On or about March 5, 1998, defendant’s Motion to Modify Injunctions was, after a hearing, denied. Plaintiff filed a Verified Complaint for Civil Contempt, pursuant to M.R.C.P. 65.3, on or about June 24, 1998, after learning that defendant violated the injunctions. The Complaint and a Contempt Summons, returnable on July 1, 1998, was served on defendant on June 25, 1998, together with plaintiffs Motion for Financial Audit and Discovery. Defendant filed an Answer and Counterclaim on June 30, 1998, together with Defendant’s opposition to plaintiffs Motion for Financial Audit and Discovery.
Plaintiffs Motion for Financial Audit and Discovery, requesting that defendant pay for the financial audit was allowed on July 1,1998 (Sosman, J.). Plaintiff filed an Emergency Motion to Clarify or Modify Order on Financial Audit on July 10, 1998. That motion was allowed only with respect to paragraph “C,” that any final payment to the auditor, Robert Coval (“Coval”), CPA, be approved by the court after completion of the audit and submission of the auditor’s report (Sosman, J.). At that time defendant represented that the Company did not have sufficient funds to pay the $5,000 retainer required by the auditor.
Plaintiffs Ex-Parte Motion for Keeper Attachment Revenues, was allowed on July 17, 1998 (Sosman, J.). Findings and Order for Approval regarding the attachment entered on July 17, 1998 (Sosman, J.). The Court determined that the defendant’s representation of July 10, 1998, that it was unable to provide a $5,000 retainer to the auditor, was not credible.
Plaintiffs Motion for Trustee Process was allowed on July 17, 1998 (Sosman, J.). Defendant filed for protection under Chapter 11 of the U.S. Bankruptcy Code on July 24, 1998. Defendant was in complete control of the rate of payment of rental income by the Company to himself, as he was both landlord of 211 Main Street, Marlborough, Massachusetts and tenant as President of the Company.
In 1996, all rental payments for the year were paid to Cliff Smith by the Company. The rental payments were made by the Company through December 30, 1996. (Trial Exhibit 3.) On December 30, 1996, a rent injunction and general expense injunction were entered by this court. (Trial Exhibits 1 and 2.) Defendant received copies of the injunctions and clearly understood that rents collected were to be put aside in escrow and held for the benefit of plaintiff.
On December 30, 1996, the same day of the injunctions were entered, the last rental payment of $4,410 to date was made to defendant by the Company. (Trial Exhibits 1, 2 and 3.) Coval conducted a financial audit of the Company pursuant to orders entered by this court during the pendency of this contempt action. At all times following entry of the injunctions on December 30,1996, to present Cliff Smith and Associates had the ability to pay rent to defendant. Assets were dissipated outside the ordinary course of business following entry of the injunctions on December 30, 1996,
RULINGS OF LAW
Civil contempt is a means of securing for aggrieved party the benefit of the court’s order. Demoulas v. *530 Demoulas Super Markets, Inc., 424 Mass. 501, 565 (1997). It can be used as an enforcement mechanism only if the underlying order is sufficiently clear, so that the party to be bound is provided with adequate notice of the prohibited activity. Id. at 565-66. In order to hold a party in contempt, the judge must find a “clear and undoubted disobedience of a clear and unequivocal command.” Judge Rothenberg Educ. Ctr., Inc. v. Commissioner of the Dep’t of Mental Retardation (No. 1), 424 Mass. 430, 443 (1997). Where the order is ambiguous or the disobedience is doubtful, there cannot be a finding of contempt. Id. The burden of proof in a contempt action is on the complainant to prove its case by preponderance of the evidence. Id. Questions of law, including the judge’s interpretation of the settlement agreement, are afforded plenary review. Id. The judge’s ultimate conclusion on the contempt finding is reviewed under the abuse of discretion standard. Id.
I.The General Expense Injunction
The expense injunction expressly prohibited Cliff Smith and Associates, and any person acting in concert with it, from disposing of monies or credits, other than in the ordinary course of business, that it owed, or would have owed, to plaintiff. Defendant disobeyed this injunction by causing the assets of his company to dissipate by means other than in the general course of business. Smith redirected funds to himself and characterized them as: loan payments to himself and over funding discretionary accounts. The evidence shows defendant’s redirection of the monies shows clear and unquestioned disobedience to the clear and unequivocal language of the injunction. See id. This Court, therefore, finds defendant in contempt of the General Expense Injunction.
II.The Rent Injunction
The rent injunction expressly prohibited the Company from paying, disbursing, conveying, transferring, assigning or otherwise disposing of any rents collected by the Defendant Cliff Smith aka Clifford F. Smith from any and all tenants. Defendant violated the rent injunction by ceasing to collect rent from himself and did not hold it in escrow for the plaintiff immediately after the injunction was granted. The withholding of the rental payments is a violation of the injunction.
Defendant alleges that the Court cannot find him in contempt because the Rent Injunction did not expressly state that he was obligated to “collect” rent. A reasonable inference can be drawn that he was required to put any and all rent money into an escrow account and his inaction was a violation of the injunction. Even though the defendant states that the injunction did not obligate him to “collect” rent, it is clear that his failure to collect rent while his company had the ability to pay had the same deleterious effects as affirmative disobedience. See Labor Relations Commission v. Boston Teachers Union, Local 66, 374 Mass. 79, 90 (1977). This Court, therefore, finds defendant in contempt of the Rent Injunction.
III.Damages
For the violation of the injunctions this Court finds that defendant shall pay plaintiff attorney fees. As a matter of law, the awarding of attorneys fees and costs is an appropriate element of a successful civil complaint hearing. Demoulas, 424 Mass. at 571. Attorneys fees and costs in a contempt proceeding are the court’s means of compensating plaintiff for legal expenses and costs incurred as a consequence of defendant’s violation of the injunction. Id. This award is proper regardless of whether the court has considered the violation of the underlying order to be willful, and it is within the court’s discretion to formulate a remedy in a civil contempt proceeding. Id.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for contempt be ALLOWED and defendant shall:
1) Pay $136,710.00 (3 x $4,410.00) to be held in escrow by plaintiffs counsel for the benefit of the plaintiff within 30 days of this order.
2) Pay $4,410.00 per month, to be held in escrow by plaintiffs counsels for the benefit of the plaintiff, commencing on the first day of October 1999 until the underlying judgement is satisfied.
3) Pay attorneys fees and costs of $33,487.06, for the prosecution of this action for contempt to counsel for the plaintiff within 30 days of this order.
4. If the defendant falls to comply with one or more of the above orders within the proscribed time he shall be imprisoned in the Middlesex County House of Corrections until such order(s) is/are complied with.